**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>JONATHAN JAMES RODRIGUEZ,<br><br>      Debtor. | Case No. 1:24-MC-00085 JLT EPG<br><br>[~~PROPOSED~~] FINAL ORDER OF GARNISHMENT<br><br>Criminal Case No. 1:20-CR-00122-JLT-EPG |
| USI CONSULTING GROUP, INC.,<br><br>      Garnishee. | |

On June 26, 2024, the United States filed an Application for Writ of Garnishment against Jonathan James Rodriguez 's ("Debtor") interest in property. (Doc. 1.) The Clerk of the Court issued the Writ and Clerk 's Notice to Debtor. (Doc. 2.) The United States served the Writ and related documents on USI Consulting Group, Inc. ("Garnishee") and Debtor. (Docs. 4, 5.) On July 16, 2024, Garnishee served its Acknowledgment of Service and Answer of Garnishee on Debtor and the United States. (Doc. 7.)  In its Answer, Garnishee stated that it has possession of a 401(k) with an approximate total value of $33,092. (*Id*.) [1]

---

[1] According to the Government, as of May 12, 2025, the balance of the criminal monetary penalties is $27,075.00. (Doc. 20 at 2.)

On August 12, 2024, the United States filed a Request for Findings and Recommendations for a final order of garnishment. (Doc. 8.) On August 13, 2024, the Court entered an order allowing Debtor 21 days to file objections. (Doc. 10.) On August 23, 2024, Debtor filed a motion to enforce the judgment and quash the writ of garnishment in the criminal proceeding. (No. 1:20-CR-00122, Doc. 72.) On April 29, 2025, and after a hearing, the Court entered an order denying Debtor's motion to quash the writ of garnishment. (No. 1:20-CR-00122, Doc. 79.)

On May 12, 2025, Defendant noticed an appeal from the order denying his motion to quash the writ of garnishment.( No. 1:20-CR-00122, Doc. 80.) On June 2, 2025, Defendant applied for a stay of the garnishment proceedings pending resolution of that appeal. (Doc. 19; No. 1:20-CR-00122, Doc. 84.) The United States opposes any stay, arguing that (1) Defendant has not met the heavy burden required to qualify for an unsecured stay under Federal Rule of Civil Procedure 62; and (2) the appellate court lacks jurisdiction over the appeal until the final garnishment order is entered. (Doc. 20; No. 1:20-CR-00122, Doc. 85.)

The Court agrees with the Government that the pending interlocutory appeal is premature and therefore does not divest this Court of jurisdiction, but this appears to be curable where the district court enters the final order. *See United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020) (assuming jurisdiction over appeal initially taken before entry of final garnishment order once district court entered final order). The Court will therefore enter the final garnishment order.

In addition, the Court shares the Government's concern about staying the garnishment in the absence of a supersedeas bond. As one district judge in this Court recently explained when considering the need for a bond in relation to request to stay execution of a garnishment order pending appeal:

> [T]he applicable rule is Rule 62(b), which courts have interpreted to apply to stays of money judgments. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) ("Although the [Mandatory Victims Restitution Act] is a criminal statute, it expressly . . . provides that the [Federal Debt Collection Procedures Act of 1990]'s civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA."); *see also Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (mem.) ("[I]t seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62[b]...."); *see, e.g., Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 10-02414, 2019 WL 2715616, at *3 (applying Rule 62(b)).

Under Rule 62(b), "a party may obtain a stay by providing a bond or other security." The purpose of the supersedeas bond requirement is to secure an appellee from the "risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment" that may result from the stay. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). It is within the court 's discretion to determine what amount is appropriate security, to allow alternative types of security or to waive the bond requirement entirely. *See Rachel v. Banana Republic, Inc*., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds...."). This district 's Local Rules generally require a bond in the amount of 125 percent of the judgment amount. E.D. Cal. L.R. 151(d).

. . . ."While parties have a right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances, ' " as determined in the court 's discretion. *Bolt v. Merrimack Pharm., Inc*., No. 04-0893, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20, 2005) (citations omitted). In the absence of Ninth Circuit guidance, courts in this Circuit apply separate tests to determine whether to grant a stay of an injunction under Rule 62(d) and whether to grant an unsecured stay under Rule 62(b). *See, e.g., Bolt*, 2005 WL 2298423, at *2 & n.4 (noting the test for evaluating a motion to stay injunctive relief pending appeal is "irrelevant in a case controlled by Rule 62[b]"); *Century 21 Real Est. LLC v. All Pro. Realty, Inc*., 889 F. Supp. 2d 1198, 1242 (E.D. Cal. 2012) (applying two different tests for determining whether to grant an unsecured stay and stay of an injunction); *Burris v. JPMorgan Chase & Co*., No. 18-03012, 2022 WL 3285441, at *3 (D. Ariz. Aug. 11, 2022) ("[W]hen a judgment-debtor requests a stay of enforcement of a money judgment under Rule 62(b) without a bond, the request is not evaluated under the traditional four-factor test for evaluating a request for a preliminary injunction but under an entirely different standard with different considerations."). When determining whether to waive the supersedeas bond requirement and grant an unsecured stay, district courts in this circuit regularly consider the factors set forth by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). *See Hardesty*, 2019 WL 2715616, at *4. The Dillon factors include:

> (1) the complexity of the collection process;
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
> (4) whether the defendant 's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Id*. (citation omitted). The party seeking waiver bears the burden of showing the reasons for departure from the normal requirement of a supersedeas bond. *See id*. at *3.

*United States v. Schoenfeld*, No. 2:21-MC-0076 KJM DB, 2023 WL 170019, at *1–2 (E.D. Cal. Jan. 12, 2023). Defendant has not addressed the issue of a bond at all. However, in an abundance of caution, the

Court will stay the execution of the final garnishment order for 14 days to permit Defendant to either propose an appropriate bond in writing after meeting and conferring with the Government to determine if a stipulation can be reached as to the nature of the bond **OR** show cause in writing why a bond should not be required. Accordingly, **IT IS ORDERED THAT**:

1. Garnishee USI Consulting Group, Inc., is directed to pay the Clerk of the United States District Court $27,075.00 of the funds held by Garnishee within 15 days of this Final Order of Garnishment. Payment shall be made in the form of a check, money order, or company draft, made payable to the "Clerk of the Court" and delivered to:

> Office of the Clerk
> 501 I St., Rm. 4-200
> Sacramento, CA 95814

The criminal docket number (Case No. 1:20-CR-00122) shall be stated on the payment instrument;

2. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary; and

3. The garnishment shall terminate when the payment is deposited with the Clerk of the Court.

4. The above order is **STAYED** for 14 days from today's date to permit Defendant an opportunity to either propose an appropriate bond in writing after meeting and conferring with the Government to determine if a stipulation can be reached as to the nature of the bond, **OR** show cause in writing why a bond should not be required.

IT IS SO ORDERED.

Dated:   **June 24, 2025**

UNITED STATES DISTRICT JUDGE